GASKIN, et al., Plaintiffs,

v.

Commonwealth of PENNSYLVANIA, et al., Defendants.

No. CIV.A.94–4048.

United States District Court, E.D. Pennsylvania.

Sept. 16, 2005.

Essica R. Lowenthal, Judith A. Gran, Public Interest Law Center of Phla., Max Lapertosa, Phila, PA, Phillip A. Drumheiser, Carlisle, PA, Yvonne M. Husic, Law Offices of Yvonne M. Husic, Harrisburg, PA, for Plaintiffs.

Fredrick Cabell, Jr., Deputy Attorney General, Gwendolyn T. Mosley, Office of Atty Gen, Lawrence White, PA Department of

Education, Linda C. Barrett, Office of Attorney General, Bureau of Consumer Protection, M. Patricia Fullerton, Office of General Counsel, Harrisburg, PA, for Defendants.

## ORDER

EDUARDO C. ROBRENO, District Judge.

 AND NOW, this 16th day of September, 2005, it is hereby ORDERED that Berks County Intermediate Unit and Chester County Intermediate Unit's motion to intervene for purposes of filing a motion to strike the proposed settlement agreement (doc. no. 303) is DENIED.[1]

IT IS FURTHER ORDERED that Berks County Intermediate Unit and Chester County Intermediate Unit's motion of intervenors to strike the proposed settlement agreement (doc. no. 304) is DENIED as moot.

 IT IS FURTHER ORDERED that Berks County Intermediate Unit and Chester County Intermediate Unit's motion to have their motion to intervene deemed unopposed (doc. no. 306) is DENIED.[2]

---

1. On April 27, 2005, Berks County Intermediate Unit and Chester County Intermediate Unit (the "Intermediate Units")—both non-parties to the action—filed a motion to intervene for purposes of filing a motion to strike the proposed settlement agreement (doc. no. 303). Because neither Plaintiffs nor Defendants filed an opposition, the Intermediate Units moved to have their motion to intervene deemed "unopposed" (doc. no. 306). On June 23, 2005, Plaintiffs filed an untimely response to the Intermediate Units' motion to intervene (doc. no. 317). Defendants have never filed a response, but did assert at the motion-to-intervene hearing on September 7, 2005 that they opposed intervention. Additionally, on June 23, 2005, the Pennsylvania School Boards Association, Inc. ("PSBA") filed a motion for leave to file an amicus curiae brief in support of the Intermediate Units' motion to strike the settlement agreement (doc. no. 315).

The Intermediate Units' motion to intervene is deficient and therefore is denied. The motion fails to identify the type of intervention the Intermediate Units are seeking, i.e., intervention of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Federal Rule of Civil Procedure 24(b). Nor have the Intermediate Units stated their grounds for intervention or provided a pleading setting forth the claim or defense for which intervention is sought, as required by Rule 24(c). Such utter disregard for Rule 24(c) warrants denial of the motion. See SEC v. Investors Sec. Leasing Corp., 610 F.2d 175, 178 (3d Cir.1979) ("Because the requirements of [R]ule 24(c) were not complied with, the owners were not proper parties in the district court."); Lexington Ins. Co. v. Caleco, Inc., No. Civ. A. 01–5196, 2003 WL 21652163, at *5–6 (E.D.Pa.2003) ("Here, Proposed Intervenors have not attached a 'pleading setting forth the claim or defense for which intervention is sought' as required by Rule 24(c). This technical failing alone would warrant denial of the motion.") (citations omitted).

Even if the motion to intervene had not been deficient, the Intermediate Units cannot meet the requisites for intervention. At the motion-to-intervene hearing, counsel for the Intermediate Units identified, after the Court inquired, that permissive intervention was being sought. (Mot. to Intervene Hr'g, Sept. 7, 2005, at 6.) Curiously, counsel then proceeded to discuss the factors relevant to intervention of right, which he agreed he was not seeking. (Id. at 8–18.)

Permissive intervention is governed by Rule 24(b), which provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). The Intermediate Units have not argued that a statute confers upon them a conditional right to intervene. Moreover, the Intermediate Units have not alleged a claim or asserted a defense that has a question of law or fact in common with the main action. Instead, the Intermediate Units have focused on why the proposed class settlement agreement "fails the tests of fairness, reasonableness, and adequacy," by expressing what are, essentially, objections to the agreement.

Permissive intervention at this time is not warranted. Aggressive litigation and intensive negotiations have been the hallmark of this litigation for eleven years. Given the important issues concerning the Commonwealth's educational system, the Intermediate Units and counsel, a well-known educational law specialist, surely were well aware of the issues implicated in this litigation, but failed to act. Intervention at an earlier point may have been welcomed. At this late hour, it would unduly delay resolution of the issues and unfairly prejudice the parties.

2. Because neither Plaintiffs nor Defendants filed a timely opposition to the motion to intervene, the Intermediate Units have moved to have their motion deemed "unopposed." Under Local Rule of Civil Procedure 7.1(c),

> [u]nless the parties have agreed upon a different schedule and such agreement is approved

IT IS FURTHER ORDERED that the Pennsylvania School Boards Association, Inc.'s motion for leave to file an amicus curiae brief in support of the proposed intervenors' motion to strike the settlement agreement (doc. no. 315) is **DENIED as moot.**

**AND IT IS SO ORDERED.**

under Local Civil Rule 7.4 and is set forth in the motion, or unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. *In the absence of a timely response, the motion may be granted as uncontested* except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R.Civ.P. 56(c). The Court may require or permit further briefs if appropriate.

E.D. Pa. R. Civ. P. 7.1(c) (emphasis added).

Although Local Rule 7.1(c) mandates that a party opposing a motion *must* file a response and brief within fourteen days after service of the motion, the rule does *not* require the district court to grant a motion as uncontested in the absence of a timely opposition. *United States v. Eleven Vehicles, Their Equipment, & Accessories,* 200 F.3d 203, 214 (3d Cir.2000). Whether to do so is vested in the sound discretion of the district court.

The Third Circuit recently noted that, "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.* at 215. In the instant case, the Court finds that such a departure is appropriate.

First, Plaintiffs provided rational reasons for filing an untimely opposition. During the time frame in which Plaintiffs should have filed their opposition, which happened to coincide with the notice time frames for the proposed settlement agreement, counsel for Plaintiffs were fielding hundreds of inquires from class members and interested parties concerning the agreement. Additionally, Plaintiffs were in the midst of preparing for the Fairness Hearing, which was held on June 24, 2005.

Second, the Intermediate Units were not unfairly prejudiced by receiving the untimely opposition. At the Fairness Hearing, the Court allowed the Intermediate Units to participate fully, including cross-examining witnesses, although their motion to intervene had not yet been ruled upon. The Court even permitted the Intermediate Units to file post-Fairness Hearing briefs (doc. no. 318), which they did (doc. nos. 322 and 323), and to reply to Plaintiffs' opposition, which they did (doc. no. 322). Thus, the Intermediate Units had sufficient time to review, and reply to, Plaintiffs' opposition.